Jose PANIAGUA–VIGIL; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72097.

Agency Nos. A75–252–149, A75–252–150, A75–252–151.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.*

Decided April 26, 2004.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, David V. Bernal, Attorney, Kurt B. Larson, Ann Carroll Varnon, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM**

Jose Paniagua–Vigil, his wife Esperanza Lopez–Hernandez and their son Antonio de Jesus Lepes–Lopez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their application for asylum and withholding of removal, and their motion to terminate removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo purely legal questions and claims of due process violations, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and we deny the petition.

The petitioners' contention that the BIA's streamlining decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The petitioners' contention, that because they filed their application for asylum before the Illegal Immigration Reform and Immigrant Responsibility Act took effect, they had a settled expectation that denial of their application would result in deportation proceedings, is foreclosed by *Vasquez–Zavala*, 324 F.3d at 1108.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004) petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**